WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Onik Harutyuni Papoyan,<br><br>    Defendant. | No. CR-24-04228-001-TUC-JGZ (BGM)<br><br>**ORDER** |

Pending before the Court is Defendant's Motion in Limine. (Doc. 50.) In the motion, Defendant requests that the Court rule on the admissibility of two pieces of evidence: (1) "that the POGA Paramilitary Organization will not be referred to as a terror organization or that Mr. Papoyan was engaged in terror activities"; and (2) that Defendant "became agitated and angry about being questioned by female officers and allegedly stated, 'a man only speaks to a man,' during his CBPOne appointment on April 9, 2024." (*Id.* at 1.) The Government states it will not seek to admit evidence of the first item. The Court accepts the parties' agreement as to the first item and issues a preliminary ruling granting Defendant's Motion as to the second item.

## DISCUSSION

Generally, evidence is relevant and admissible if it tends "to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401; *see* Fed. R. Evid. 402. The Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair

prejudice." Fed. R. Evid. 403.

Defendant argues the statement in question is not relevant under Federal Rule of Evidence 401, and even if it was, the "statement's potential to unfairly influence the jury far outweighs any probative value it may have" under Rule 403. (*Id.* at 2–3.) The Government argues the statement is relevant to the credibility of government witnesses because it was unique and the reason the female interviewing officer, and all other officers who came into contact with Defendant on April 9, 2024, remember his inspection. (Doc. 66.)

The Court agrees with Defendant that the statement is inflammatory and highly prejudicial. The Court acknowledges that the nature and uniqueness of the statement likely has some relevance to the witnesses' memories of the inspection of Defendant. But the fact that the witnesses vividly remember the statement also shows its prejudicial nature. Unless an issue arises regarding a witness's inability to remember the inspection of Defendant, the risk of unfair prejudice to Defendant substantially outweighs the statement's probative value. Fed. R. Evid. 403. For these reasons, the Court will preliminarily grant the Defendant's motion to preclude admission of the Defendant's physical and verbal response to being questioned by female officers. The ruling is subject to reconsideration should this evidence become relevant for other reasons, such as in response to a challenge to a witness's ability to remember the Defendant on that occasion.

Accordingly,

**IT IS ORDERED:**

1. Defendant's Motion in Limine (Doc. 50) is **granted**.

2. The Court accepts the parties' agreement that the parties will not refer to the POGA paramilitary organization as a terror organization or to activities Defendant was engaged in as terror activities.

//
//
//

3. As a preliminary ruling, the Government is precluded from introducing evidence that Defendant became agitated and angry about being questioned by female officers and allegedly stated, "a man only speaks to a man," during his CBPOne appointment on April 9, 2024.

Dated this 16th day of January, 2025.

Jennifer G. Zipps
Chief United States District Judge