**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Onik Harutyuni Papoyan,<br><br>　　　　　Defendant. | No. CR-24-04228-001-TUC-JGZ (BGM)<br><br>**ORDER** |

　　　　Pending before the Court is the Government's Motion *in Limine* to Admit Certified Records Without Requiring Live Testimony by Records Custodians. (Doc. 52.) The Government seeks a pretrial ruling as to the authenticity of certain records from Meta Platforms, Inc. ("Meta") and Apple Inc. ("Apple") based on written certifications provided by the companies' records custodians. (*Id.* at 1.) The records include images and videos from Defendant's phone and social media accounts, images and videos from the POGA paramilitary organization's Facebook account, and extraction data related to those images and videos. The Government argues the records are admissible under the business records exception to the hearsay rule and are therefore self-authenticating. *See* (Doc. 52 at 4–5); Fed. R. Evid. 803(6), 902(11), 902(13). Defendant responded and objects. (Doc. 54.) The Court heard argument on the Motion at the Pretrial Conference held on January 13, 2025. For the reasons stated below, the Court will deny the Government's Motion without prejudice.

//

## DISCUSSION

**A. Admissibility as Business Records Under Rule 803(6)**

A business record is exempted from the rule against hearsay if: (1) the record was made at or near the time by—or from information transmitted by—someone with knowledge; (2) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; and (3) making the record was a regular practice of that activity. Fed. R. Evid. 803(6)(A)–(C). "The basis for the business record exception is that accuracy is assured because the maker of the record relies on the record in the ordinary course of business activities." *Clark v. City of Los Angeles*, 650 F.2d 1033, 1037 (9th Cir. 1981). The Government's only support for the admissibility of the records at issue is the language in the certificates provided by records custodians at Meta and Apple. (Doc. 52 at 4.)[1] This is insufficient. As many courts have found, the substantive content of social media posts and messages is not a business record of the social media platform within the meaning of Rule 803(6) because the platform's record custodians "can attest to the accuracy of only certain aspects of the communications exchanged . . . that is, confirmation that the depicted communications took place between certain [social media] accounts, on particular dates, or at particular times." *United States v. Browne*, 834 F.3d 403, 410–11 (3d Cir. 2016); *see also, e.g.*, *United States v. Weber*, 574 F. Supp. 3d 791, 794 (D. Mont. 2021) ("The substantive content of the accounts at issue, such as messages, images, videos, were not made, nor relied on, by the providers for the purpose of conducting their respective businesses.").

The certificates say nothing about the accuracy and reliability of the content "as demonstrated by the trustworthiness of the underlying sources of information and the process by which and purposes for which that information is recorded." *Browne*, 834 F.3d

---

[1] The Certification of Apple Inc. Custodian of Records states the records were: "a. made at or near the time by, or from information transmitted by, someone with knowledge or from a process or system that produces an accurate result, the accuracy of which is regularly verified by Apple; b. kept in the course of a regularly conducted activity of Apple's business; and c. made as part of a regular practice of the activity of Apple's business." (Doc. 52-1 at 4.) The certificates of authenticity provided by Meta Platforms, Inc.'s custodian of records are largely similar. (*Id.* at 2–3.)

at 410; *see United States v. Garg*, No. CR21-0045-JCC, 2024 WL 1050994, *2–3 (W.D. Wash. Mar. 11, 2024) (denying government's request that social media content be self-authenticated where records custodians did not purport to verify the real-world authorship of the accounts). Here, Meta's custodian identifies Defendant's alleged accounts by 15-digit "identifier" numbers. (Doc. 52-1 at 2–3.) Apple's custodian identifies the records as "contained in APL000001_APPLE_CONFIDENTIAL." (*Id.* at 4.) The custodians do not attest to the fact that the Defendant, or POGA, in fact authored the records. Therefore, the Court denies the Government's Motion to the extent the Government seeks to admit the substantive content of the records as business records.

The Court recognizes that certain technical aspects of the records at issue, such as timestamps, the fact that chats took place between particular accounts, or other "extraction" data[2] could constitute business records under Rule 803(6). However, because the Government has not sought authentication of any specific pieces of data contained within the records produced by Meta and Apple, the Court will not enter a preliminary ruling on any of this evidence. *See Weber*, 574 F. Supp. 3d at 794.

### B. Self-Authentication Under Rules 902(11) & 902(13)

Generally, to authenticate or identify an item of evidence, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). Some items of evidence are self-authenticating such that "they require no extrinsic evidence of authenticity to be admitted." Fed. R. Evid. 902. This includes evidence that meets the requirements of the business record exception in Rule 803(6) and "records generated by an electronic process or system that produces an accurate result." Fed. R. Evid. 902(11), 902(13). Both types of records are self-authenticating "as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court." Fed. R. Evid. 902(11); *see* Fed. R. Evid. 902(13) (certification under Rule 902(13) must meet the requirements of Rule 902(11) or 902(12)). The Government cites both Rule 902(11) and Rule 902(13) in support

---

[2] Presumably, this may include what Meta's certificate refers to as "Basic Subscriber Information, IP Address Logs," and "Transactional Information." (Doc. 52-1 at 2–3.)

of its Motion. (Doc. 52 at 2–5.)

As discussed above, the Court finds the records, in their entirety, do not qualify as business records under Rule 803(6) and thus cannot be self-authenticating under Rule 902(11). Additionally, Rule 902(13) "does not render self-authenticating substantive content created, shared, or stored, by a user of a social media account." *Weber*, 574 F. Supp. 3d at 795 (citing 31 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 7147 (2d ed. 2024)). However, it is likely that some of the technical data in the records may meet the criteria of Rule 902(13). (*See* Doc. 52-1 at 2–3 ("The records provided are an exact copy of the records that were made and kept by the automated systems of Meta. . . ."); Doc. 52-1 at 4 (records were "made at or near the time by, or from information transmitted by, someone with knowledge *or from a process or system that produces an accurate result. . . .*") (emphasis added).) The Court will not enter a preliminary ruling on whether any of this evidence is self-authenticating under Rule 902(13) because the Government has not sought authentication of any specific pieces of data contained within the records produced by Meta and Apple.

## CONCLUSION

It appears that the primary purpose behind the Government's Motion is to save significant government resources and make the trial process more efficient by eliminating the need for live testimony from records custodians who will testify to the same information contained within the signed certificates already submitted. (Doc. 52 at 6.) The Court agrees that it is unnecessary and unduly burdensome to require records custodians to testify at trial. Certain non-content data in the Government's proposed exhibits will be self-authenticating using the certificates from Meta and Apple, some of which may link accounts or devices to Defendant and POGA. (Doc. 52-1, Ex. A.) However, a pretrial ruling on the basis requested is premature because the content of a social media post, image, or video is not a business record, and records custodians are not proper witnesses to authenticate social media content. The Government must authenticate the content of the photos and videos by other means, e.g., by the testimony of a witness with knowledge or

"[t]he appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances." Fed. R. Evid. 901; *see United States v. Farrad*, 895 F.3d 859, 877–80 (6th Cir. 2018) (holding Facebook photographs were not self-authenticating business records but were properly authenticated under Rule 901 by account details and distinctive features); 5 CHRISTOPHER B. MUELLER & LAIRD C. KIRKPATRICK, FEDERAL EVIDENCE § 9:9 (4th ed. 2023).

Accordingly,

**IT IS ORDERED** that the Government's Motion *in Limine* to Admit Certified Records Without Requiring Live Testimony by Records Custodians (Doc. 52) is **denied without prejudice**. If the Government chooses to renew its motion, it must specify the technical or other non-content data it seeks to admit as self-authenticating.

Dated this 16th day of January, 2025.

Jennifer G. Zipps
Chief United States District Judge